**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:18-CR-8-8- JRG-RSP |
| | § | |
| TONY BARNET KING | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On August 24, 2022, the undersigned held a final hearing on the Government's petition to revoke supervised release. The Government was represented by Assistant United States Attorney Lucas Machicek. The Defendant, Tony Barnet King, was represented by Greg Waldron.

Tony Barnet King was sentenced on February 3, 2020, before The Honorable Rodney Gilstrap of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years imprisonment. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of IV, was 37 to 46 months. Tony Barnet King was subsequently sentenced to 42 months imprisonment and 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; obtain a GED; substance abuse aftercare; and a $100 special assessment. On January 14, 2022, Tony Barnet King completed his period of imprisonment and began service of the supervision term.

On June 28, 2022, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory</u>:  You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; as determined by the court.  Specifically, the Government alleges as follows:  Mr. King submitted urine samples that were positive for cocaine on April, 26, 2022; May 25, 2022; June 14, 2022, and June 22, 2022.

2) <u>Standard</u>:  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.  Specifically, the Government alleges as follows: On May 3, 2022, Mr. King had contact with the Daingerfield Police Department in Texas and failed to notify his probation officer.

The Court scheduled a revocation hearing for August 24, 2022.  At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the first allegation as set forth above.  Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for twelve months + one day followed by twelve months supervised release with the same terms and conditions.  Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to allegation #1, as set forth in the Government's petition, be **ACCEPTED**.  Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release.  It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**.  It is

further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve months + one day followed by twelve months supervised release with the same terms and conditions imposed in the original judgment. The Court recommends service of sentence at FCI Seagoville with credit for time served starting August 6, 2022.

At the close of the August 24, 2022 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 24th day of August, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE